UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLUFUNKE ADENIRAN, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL NO. 4:17-cv-02241 | |
| § | | |
| WILMINGTON SAVINGS FUND § | | |
| SOCIETY, FSB D/B/A CHRISTIANA § | | |
| TRUST, AS TRUSTEE FOR PRETIUM § | | |
| MORTGAGE ACQUISITION TRUST § | | |
| AND RUSHMORE LOAN § | | |
| MANAGEMENT SERVICES, LLC, § | | |
| *Defendants.* § | | |

**PLAINTIFF'S OPPOSED VERIFIED MOTION FOR CONTINUANCE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO AMEND SCHEDULING ORDER**

TO THE HONORABLE ALFRED H. BENNET:

COMES NOW, Olufunke Adeniran ("Plaintiff") and files this, *Plaintiff's Opposed Verified Motion for Continuance of Defendants' Motion for Summary Judgment and Motion to Amend Scheduling Order*. In support of continuing the proceeding and any ruling on the *Motion for Summary Judgment* ("MSJ") filed by Defendants Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, as Trustee for Pretium Mortgage Acquisition Trust ("Wilmington") and Rushmore Loan Management Services, LLC ("Rushmore") (collectively "Defendants"), and pursuant to the Federal Rules of Civil Procedure, Plaintiff would show that she requires additional time to conduct meaningful discovery that is critical to her ability to fully state her opposition to Defendants' MSJ and, therefore, any proceeding on Defendants' MSJ should be continued so as to allow Plaintiff additional time to conduct the necessary discovery and secure material testimony and evidence. In support thereof, Plaintiff shows this Honorable Court the following:

## I.     RELEVANT FACTS AND STATUS OF THE PROCEEDING

1. This is a wrongful foreclosure case arising out of Defendants' failure to follow the terms of the agreement entered into by Plaintiff for a loan that secured Plaintiff's home and Defendants' subsequent efforts to foreclose said property.

2. On June 27, 2017, through her prior counsel ("Mastriani"), Plaintiff filed suit in Harris County District Court seeking an injunction, temporary restraining order, and damages for Defendants' unlawful collection activities.[1]

3. On July 20, 2017, Defendants removed this case to this Court.[2]

4. On September 7, 2017, Mastriani filed a Motion to Withdraw as attorney for Plaintiff,[3] which this Court granted on September 13, 2017.[4]

5. On October 12, 2017, Plaintiff, pro se, filed a *Motion to Set Aside Withdrawal of Counsel and Motion to Grant New Hearing* ("Motion to Set Aside").[5]

6. On January 26, 2018, this Court entered a Scheduling Order setting June 30, 2018 as the discovery deadline.[6]

7. On May 1, 2018, this Court denied Plaintiff's Motion to Set Aside.[7]

8. On May 18, 2018, the undersigned counsel, Michael A. Downey, filed a Notice of Appearance on behalf of Plaintiff.[8]

9. On May 31, 2018, Plaintiff filed her *Unopposed Motion for Leave to File Plaintiff's First*

---

[1] *See* Dkt. #1-1.
[2] *See* Dkt. #1.
[3] *See* Dkt. #5.
[4] *See* Dkt. #6.
[5] *See* Dkt. #8.
[6] *See* Dkt. #12.
[7] *See* Dkt. #15.
[8] *See* Dkt. #17.

*Amended Complaint*,[9] which the Court granted on June 6, 2018.[10]  Plaintiff's First Amended Complaint clarifies that she is seeking damages for breach of contract, violations of the Deceptive Trade Practices Act ("DTPA"), and violations of the Texas Debt Collections Act ("TDCA").[11]

10.     On July 31, 2018, Defendants filed their MSJ alleging: (1) Plaintiff has not tendered performance, and all actions taken by Defendants were provided for by the Note and Deed of Trust; (2) Defendants have not violated the DTPA; and (3) Defendants have not violated the TDCA.[12]

11.     On August 1, 2018, Plaintiff's counsel requested dates for the depositions of Defendants' corporate representatives, as well as an extension of the discovery deadlines.[13]

12.     On August 6, 2018, per defense counsel's request, Plaintiff's counsel sent defense counsel a list of the topics on which Plaintiff's counsel intended to depose Defendants' corporate representatives.[14]

13.     On August 7, 2018, after not hearing back from defense counsel, Plaintiff's counsel again followed up on his request for dates for Defendants' corporate representatives and extension of the discovery deadlines.[15]  Defense counsel responded the next day that he was waiting on a response from Defendants, but Plaintiff's counsel has not heard from defense counsel since.[16]

14.     As more fully set forth in Plaintiff's response to the motion, Defendants' MSJ should be denied.  Subject to and without waiving the arguments and authorities set forth in Plaintiff's Response to Defendants' MSJ, Plaintiff respectfully asks that, in the event the Court does not deny Defendants' MSJ based upon the arguments and authorities submitted in Plaintiff's Response, the

---

[9] *See* Dkt. #18.
[10] *See* Dkt. #20.
[11] *See* Dkt. #21.
[12] *See* Dkt. #25.
[13] *See* Plaintiff's "Exhibit A," attached hereto and incorporated herein.
[14] *Id*.
[15] *Id*.
[16] *Id*.

Court continue the proceedings on the MSJ pursuant to its authority under Rule 56. Plaintiff further requests an extension of the discovery deadline in the current Scheduling Order.[17]

## II.    ARGUMENT AND AUTHORITIES

### A. STANDARDS GOVERNING MOTIONS TO CONTINUE THE SUBMISSION OF A SUMMARY JUDGMENT MOTION.

15.   A court may allow time for a non-movant to obtain affidavits, declarations, or to obtain discovery if a non-movant shows by affidavit or declaration that it cannot present essential facts to justify its opposition to a motion for summary judgment.[18] Motions for continuance are broadly favored and should be liberally granted.[19] Rule 56 also clearly contemplates that the trial court will allow the parties a reasonable opportunity to conduct discovery before granting a summary judgment; in fact, the Supreme Court has stated that summary judgment is appropriate only after an adequate time for discovery has passed.[20] "[W]here a party seeks discovery germane to the pending summary judgment motion it is inequitable to pull out the rug from under it by denying such discovery."[21]

### B. DESCRIPTION OF THE MATERIAL, OUTSTANDING DISCOVERY AND TESTIMONY PLAINTIFF REQUIRES ADDITIONAL TIME TO SECURE.

16.   As stated, Defendants' MSJ seeks dismissal of all of Plaintiff's causes of action against Defendants in this suit. However, Plaintiff needs additional time to conduct written discovery and to take Defendants' depositions in order to obtain material testimony that is essential to Plaintiff's ability to present to the Court material summary judgment evidence demonstrating: (1) Defendants' breaches of the contract at issue; (2) Defendants' violations of the DTPA; and (3)

---

[17] *See* Dkt. #12.
[18] FED. R. CIV. P. 56(d)(2).
[19] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).
[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[21] *Hinojosa v. Johnson*, 277 Fed. Appx. 370, 375–76 (5th Cir. 2008) (internal quotations omitted).

4

Defendants' violations of the TDCA.

17. In particular, Plaintiff needs to take the depositions of Defendants' corporate representatives and send written discovery requests. The evidence these requests and deposition will produce includes, but is not limited to:

- training of personnel relating to loan modifications, underwriting, foreclosures, and taking payments;

- policies and procedures for loan modifications, underwriting, foreclosures, and taking payments;

- procedures used in investigating Plaintiff's complaints;

- Defendant Wilmington's relationship with Rushmore Loan Management Services, LLC;

- Defendant Wilmington's communication with Rushmore Loan Management Services, LLC regarding the loan at issue in this case;

- Defendants' refusal to accept Plaintiff's payments;

- Defendants' misrepresentations to Plaintiff of the balance/debt she owed;

- Defendants' failure to provide Plaintiff with an accounting of the debt owed, despite Plaintiff's numerous requests;

- Defendants' misrepresentation(s) to Plaintiff that she was in default on her loan;

- Plaintiff's performance of her obligations under the loan;

- Defendants' failure to properly credit Plaintiff's payments and/or miscalculation of the amount of payments due under the loan;

- Defendants' intent regarding and knowledge regarding the false and misleading statements they made to Plaintiff;

- Defendants' wrongful acceleration of the note without providing the required notice; and

- Defendants' violation of file correction requirements.

All of the above discovery goes to the heart of Plaintiff's causes of action and will produce evidence of material facts Plaintiff needs to withstand Defendants' MSJ. Plaintiff will also be

severely prejudiced if she is not allowed additional time to send written discovery requests and take the depositions of Defendants' corporate representatives. Thus, Plaintiff urges this Court to allow Plaintiff additional time to conduct the above essential discovery on her claims.

### C. THIS CONTINUANCE IS NOT SOUGHT FOR PURPOSES OF DELAY ONLY BUT SO THAT JUSTICE MAY BE DONE.

18. Plaintiff further avers that this continuance of Defendants' MSJ is not sought for purposes of delay, but only so that justice may be done. If a continuance is granted, Plaintiff will be able to use that time to conduct the necessary discovery described herein. As these grounds are meritorious, Plaintiff respectfully asks the Court to grant Plaintiff's Motion for Continuance.

19. Plaintiff's Motion for Continuance is supported by the affidavit of Plaintiff's counsel, which is attached hereto and incorporated herein as "Exhibit B."

### D. THERE IS GOOD CAUSE FOR MODIFYING THE SCHEDULING ORDER.

20. Federal Rule of Civil Procedure 16(b)(4) allows a schedule order to be modified "for good cause and with the judge's consent." Courts consider four (4) factors in deciding whether there is good cause under Rule 16(b)(14): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; (4) the availability of a continuance to cure such prejudice.[22]

21. Plaintiff here was unable to comply with the scheduling order because the Court did not rule on her Motion to Set Aside until May 1, 2018, and she was without counsel until May 18, 2018. The modification is also vital to Plaintiff's ability to assert her claims against Defendants and defense against Defendants' MSJ. Defendants will not suffer any prejudice because they will be allowed to conduct discovery too, and to this day, Defendants have not conducted any discovery. A continuance is also available to cure any prejudice that Defendants may allege. Thus,

---

[22] *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015).

there is good cause to modify the scheduling order and extend the discovery deadline to allow the parties additional time to conduct discovery.

### III. CONCLUSION

22. Plaintiff's Motion for Continuance should be granted. Plaintiff has demonstrated that she needs additional time to secure material discovery and testimony that is essential to her ability to fully and adequately state her opposition to Defendants' MSJ. Plaintiff will be severely prejudiced if she is not afforded additional time to conduct written discovery and to take oral depositions of Defendants' corporate representatives. Furthermore, there is good cause to extend the discovery deadline and allow the parties additional time to conduct discovery.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that *Plaintiff's Opposed Verified Motion for Continuance of Defendants' Motion for Summary Judgment and Motion to Amend Scheduling Order* be granted and that Plaintiff has such other and further relief to which she may be justly entitled, at law or in equity.

Respectfully submitted,

**MOSTYN LAW**

 */s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
Federal Bar No. 2331207
3810 W. Alabama St.
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

7

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's Counsel has conferred with counsel for Defendants regarding the matters raised in the foregoing Motion, and Defendants are OPPOSED to the relief sought.

                                            */s/ Michael A. Downey*
                                            Michael A. Downey

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 21st day of August, 2018 pursuant to the Federal Rules of Civil Procedure:

                                            */s/ Michael A. Downey*
                                            Michael A. Downey