# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **OLUFUNKE ADENIRAN,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL NO. 4:17-cv-02241** |
| | § | |
| **WILMINGTON SAVINGS FUND** | § | |
| **SOCIETY, FSB D/B/A CHRISTIANA** | § | |
| **TRUST, AS TRUSTEE FOR PRETIUM** | § | |
| **MORTGAGE ACQUISITION TRUST** | § | |
| **AND RUSHMORE LOAN** | § | |
| **MANAGEMENT SERVICES, LLC,** | § | |
| *Defendants.* | § | |

## PLAINTIFF'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Olufunke Adeniran ("Plaintiff"), and files this *Plaintiff's Motion in Limine* prior to the voir dire examination of the jury panel, the presentation of any evidence, or the reading of any pleadings.

Plaintiff respectfully moves this Honorable Court for an order instructing and directing all attorneys, and through said attorneys all parties and witnesses, not to refer, directly or indirectly, in the presence of the jury panel, or the jury finally selected to try this cause, or to make any statement, or ask any questions, injecting any of the following matters into the proceeding on this cause, or to put before the jury or jury panel, in any form or manner whatsoever, directly or indirectly, any of the following things or matters or, in the alternative, to require said attorneys, parties and witnesses to first bring to the attention of the Court, out of the

Page 1

presence of the jury or jury panel, any such things or matters, in order that the Court may first determine the admissibility and relevance of such matters before they are injected into the case in the presence of the jury or jury panel.

In this connection, Plaintiff will show the Court that the matters set out would be inadmissible for any purpose on proper and timely objection in that they have no bearing on the issues in this case or the rights of the parties to this suit. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning these matters would prejudice the jury, and sustaining objections to such questions, comments, or offers would not cure such prejudice but rather reinforce the impact of such prejudicial matters on the jurors. Plaintiff submits that the following matters would not be admissible for any purpose in this cause.

1.   **Damages Not Asserted or Dropped**: Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony on any element of damages that Plaintiff has not asserted or have dropped from their current, live pleading.

☐ Agreed.                    ☐ Granted.                    ☐ Denied.

2.   **Statements of Law**: Any statement of the law other than regarding the burden of proof and the basic legal definitions counsel believes to be applicable before the court rules on the law applicable to this case.

☐ Agreed.                    ☐ Granted.                    ☐ Denied.

3.   **Prior Claims, Settlements or Lawsuits**.  Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony that Plaintiff has had prior claims, suits or settlements, including any mention of whether said claims resulted in settlements or lawsuits having been filed or tried.

☐ Agreed.                    ☐ Granted.                    ☐ Denied.

4.   **Undisclosed Witnesses**.  The calling of witnesses, either expert or lay witnesses, other than those previously disclosed by depositions, specific request or by way of answers to interrogatories, since the disclosure of witnesses at this time would constitute surprise and present grounds for a continuance in this cause and the calling of such witnesses should not be allowed without previous disclosure in sufficient time to secure adequate discovery regarding such witnesses.

☐ Agreed.                    ☐ Granted.                    ☐ Denied.

5.　**Expert Testimony Not Qualified**.  Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony regarding the introduction of any expert opinion testimony until the witness in question is duly qualified as an expert in the field about which his or her testimony relates and in which he or she is qualified to render an opinion on the specific subject upon which such expert will give testimony. Further, introduction of opinion testimony until the expert's opinions are determined to be reliable and based upon generally accepted standards in the field in which the expert offers testimony and opinions.

☐ Agreed.　　　　　　　☐ Granted.　　　　　　　☐ Denied.

6.　**References to Testimony of Experts Not Previously Identified**.  Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony regarding opinions of experts, the offering of treatises, periodicals, authorities, or other writings reviewed and or relied upon by the expert and the substance of any testimony of the expert that has not previously been provided to or identified by other parties or their counsel in response to discovery inquiries.

☐ Agreed.　　　　　　　☐ Granted.　　　　　　　☐ Denied.

7.　**Unavailable Witnesses**.  Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony that Plaintiff has not called any witness 1) equally available to both parties; and/or 2) over which Plaintiff has no control in this cause.  In this connection, Plaintiff moves that opposing counsel further be instructed not to tender, read from, or refer to any *ex parte* statement or report of any person not then and there present in court to testify and to be cross-examined by counsel for Plaintiff, and that opposing counsel be instructed not to suggest to the jury by argument or otherwise what would have been the testimony of any witness not actually called or to make any mention or reference to the probable testimony of a witness who is absent, unavailable, or not called to testify in this case or any tender, reading from, or referral to any *ex parte* statement or report of any person not then and there present in court to testify and to be cross-examined by counsel for Plaintiff.

☐ Agreed.　　　　　　　☐ Granted.　　　　　　　☐ Denied.

8.　**Criminal Charges**: Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony regarding any criminal charge not resulting in a conviction or a guilty plea to a crime of moral turpitude or a felony within the last ten years, or the fact that Plaintiff or any witnesses or experts may or may not have had a criminal charge which may have been dismissed as such information is not admissible nor relevant to any issue in this case.

☐ Agreed.　　　　　　　☐ Granted.　　　　　　　☐ Denied.

9.　**Photographs, Demonstratives, Models, Movies and Videotapes**.  Any comment, inference, evidence, testimony, visual aid, model, demonstrative evidence, or questions eliciting testimony regarding or attempting to demonstrate to the jury any model,

photographs, movies, videotapes, visual aids, demonstrative tool, or similar displays or demonstrations by any expert or witness or counsel that has not been produced or otherwise made available to Plaintiff's counsel prior to trial.

☐ Agreed.                              ☐ Granted.                              ☐ Denied.

10.     **Newspaper Articles and Publications**: Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony regarding any newspaper articles, publications, case opinions and/or treatises without first obtaining a ruling from the Court as to the admissibility of said evidence.

☐ Agreed.                              ☐ Granted.                              ☐ Denied.

11.     **Taxation of Recovery**.  Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony whether any recovery of Plaintiff either would or would not be subject to federal income taxation or any other form of taxation.

☐ Agreed.                              ☐ Granted.                              ☐ Denied.

12.     **Possibility of Recovery of Interest**.  Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony regarding whether Plaintiff will be able to recover interest on any damages that may be awarded.

☐ Agreed.                              ☐ Granted.                              ☐ Denied.

13.     **Verdict as Windfall**.  Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony whether a verdict for Plaintiff would be a windfall for any party or person.

☐ Agreed.                              ☐ Granted.                              ☐ Denied.

14.     **Request for Stipulation in Jury Presence**.  Any request for Plaintiff or her attorneys to stipulate to either the admissibility of any evidence or to stipulate to any facts or matters in front of the jury, including but not limited to offers of proof, because such procedure is obviously improper and would create prejudice to Plaintiff in the minds of the jurors even with a timely objection thereto.

☐ Agreed.                              ☐ Granted.                              ☐ Denied

15.     **Attorneys' Fees.**  Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony regarding whether Plaintiff's attorneys represent Plaintiff on a percentage agreement and who is paying expenses in connection with the litigation.

   ☐ Agreed.         ☐ Granted.         ☐ Denied.

16.    **Contract for Employment of Plaintiff's Attorneys:** Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony regarding the details of the contract for employment between Plaintiff and her Attorneys.

   ☐ Agreed.         ☐ Granted.         ☐ Denied.

17.    **Attorney-Client Relationship:** Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony regarding or incidental to the ethical or fiduciary aspect of the relationship between Plaintiff and her Attorneys.

   ☐ Agreed.         ☐ Granted.         ☐ Denied.

18.    **Defenses Not Asserted**: Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony on a defense, including affirmative, other than the grounds timely pleaded in Defendants' answer, timely disclosed in Response to Plaintiff's discovery requests to Defendants, and have not been dismissed through a Motion for Summary Judgment.

   ☐ Agreed.         ☐ Granted.         ☐ Denied.

19.    **Financial Resources of Plaintiff's Attorneys**.  Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony regarding the financial status, resources or net worth of Plaintiff's attorneys.

   ☐ Agreed.         ☐ Granted.         ☐ Denied.

20.    **Personal Attacks on Counsel**.  Personal attacks upon other counsel, inferences that adverse counsel is bad, has a particular reputation, or that the arguments, theories or claims of Plaintiff's counsel are the "usual" arguments, theories or claims that are typically, routinely or always used by lawyers representing similar plaintiffs.

   ☐ Agreed.         ☐ Granted.         ☐ Denied.

21.    **State of Lawsuits/Tort Reform**: Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony that there are too many lawsuits or that there has been a litigation explosion that tort reform is needed.

   ☐ Agreed.         ☐ Granted.         ☐ Denied.

22.    **Presentation of This Motion**.  Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony that this motion has been filed, or any ruling by the Court in response to this motion, suggesting or inferring to the jury that Plaintiff has moved to prohibit proof or that the Court has excluded proof of any particular matter.

☐ Agreed.                    ☐ Granted.                    ☐ Denied.

23.     **Advertising by Law Firm**: Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions eliciting testimony that Plaintiff's counsel has advertised, is advertising or will be advertising for law firm services in the area, including Harris County, including any mention that Plaintiff's counsel runs advertisements for cases.

☐ Agreed.                    ☐ Granted.                    ☐ Denied.

24.     **Past Verdicts for Attorney Fees:**  Any comment, inference, evidence, testimony, visual aid, demonstrative evidence, or questions concerning past verdicts and the amount of attorney fees awarded in past verdicts.  This information is irrelevant to this case, would be proffered to unfairly influence the jury in this case, and would result in severe prejudice to Plaintiff if used.

☐ Agreed.                    ☐ Granted.                    ☐ Denied.

Each of such matters is wholly immaterial, irrelevant and prejudicial to any matters of material fact in this cause and such matters or information or facts are not required or not necessary to the material facts to be presented to the jury or jurors in this case, and such matters would be and are prejudicial and harmful, and without probative value, and are of such character as to cause bias, prejudice, and dispose the jury against Plaintiff, and that the mere mention thereof or the asking of questions about such matters, even if objections were timely made and sustained, would cause and create bias and prejudice Plaintiff so that irreparable harm and damage would have already resulted to the detriment of Plaintiff and instruction to the jury could not sufficiently dispel such prejudice from their minds.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays this Honorable Court to grant *Plaintiff's Motion in Limine.*  Plaintiff also requests any other and further relief, either at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**MOSTYN LAW**

/s/ *Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, TX 77027
Telephone (713) 714-0000
Facsimile (713) 714-1111
maddocketefile@mostynlaw.com
**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing instrument has been served on all attorneys of record in accordance with the Federal Rules of Civil Procedure on this, the 15th day of October, 2018.

 /s/*Michael A. Downey*
Michael A. Downey